UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAWRENCE MCFARLAND,

    Plaintiff,

    v.        Case No. 25-cv-0806-bbc

THOMPSON,

    Defendant.

---

## SCREENING ORDER

---

Plaintiff Lawrence McFarland, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on McFarland's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

McFarland has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). McFarland has filed a certified copy of his jail trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2). Based on a review of his statement, the Court finds that McFarland lacks the assets and means to pay an initial partial filing fee, so the Court will waive his obligation to pay an initial partial filing fee and will grant his motion for leave to proceed without prepaying the filing fee.

SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

2

**ALLEGATIONS OF THE COMPLAINT**

According to McFarland, Defendant Thompson is responsible for delivering the mail at the Milwaukee County Jail. He asserts that she is violating his rights because she will not give him his legal mail. He explains that she is opening it outside of his presence and that the only way he can access it is electronically on a tablet and/or a jail kiosk. McFarland states that he filed grievances regarding this issue, copies of which he attaches to his complaint. In response to his grievances, jail staff explained that "legal mail" is defined as correspondence protected by the attorney/client privilege. Staff further explained that "[m]ail from the court is not considered legal mail and will be scanned to your tablet." Dkt. No. 1; Dkt. No. 1-1 at 1.

**ANALYSIS**

McFarland does not state a claim based on allegations that non-legal mail was opened and read outside of his presence. The First Amendment does not preclude officials from inspecting and reading non-legal mail outside the presence of inmates. *See Wolff v. McDonald*, 418 U.S. 539, 575-76 (1974); *see Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) ("we held that it was entirely proper for prisoner officials to inspect mail for contraband").

Nor does McFarland state a claim based on allegations that his "legal mail" was opened outside of his presence. The Seventh Circuit has noted that not all legal mail is entitled to the same level of confidentiality. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 803-04 (7th Cir. 2010). A prisoner suffers no constitutional harm when public documents that "prison officials have as much right to read as the prisoner" or "routine and nonsensitive" nonpublic documents are opened outside the prisoner's presence. *Id.* at 804-06 (holding that "as long as the prison confines itself to opening letters that either are public or if private still are not of a nature that would give the reader insights into the prisoner's legal strategy, the practice is harmless and may be justified by

3

the volume of such mail that a litigious prisoner can generate"). Although the mail McFarland is receiving from the courts likely involves legal issues, that does not mean it is properly characterized as "legal mail" for purposes of the First Amendment. As explained by jail staff, only mail that is entitled to the attorney/client privilege must be opened in the presence of an inmate. McFarland does not allege that mail protected by the attorney/client privilege is being opened outside of his presence. Therefore, he fails to state a claim.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if McFarland believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **August 15, 2025**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on McFarland's failure to state a claim in his original complaint. If McFarland does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that McFarland's obligation to pay an initial partial filing fee is **WAIVED** and his motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **August 15, 2025**, McFarland may file an amended complaint if he believes he can cure the defects in the original complaint as described in

4

this decision.  The Clerk's Office is directed to mail McFarland a blank prisoner amended complaint form.

**IT IS FURTHER ORDERED** that the agency having custody of McFarland shall collect from his institution trust account the $350 filing fee by collecting monthly payments from McFarland's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).  The payments shall be clearly identified by the case name and number assigned to this action.  If McFarland is transferred to another institution, the transferring institution shall forward a copy of this Order along with McFarland remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Office of the Sheriff, Fiscal Operations Rm 224, 821 W State Street, Milwaukee, WI  53233.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.  The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.  Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

5

Case 1:25-cv-00806-BBC    Filed 07/18/25    Page 5 of 6    Document 8

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

McFarland is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on July 18, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

6

Case 1:25-cv-00806-BBC   Filed 07/18/25   Page 6 of 6   Document 8