UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAWRENCE MCFARLAND,

        Plaintiff,

        v.                         Case No. 25-cv-0806-bbc

THOMPSON,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Lawrence McFarland, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On July 18, 2025, the Court screened the complaint and, after concluding it failed to state a claim upon which relief could be granted, gave McFarland the opportunity to file an amended complaint, which he did on August 14, 2025. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short

and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

McFarland alleges that he was denied "legal court mail" on sixteen different dates. He includes no allegations about who sent the mail, the nature of the mail, who refused to give him the mail, or, given that he allegedly did not receive the mail, how he knows he was denied mail on those specific dates.

## ANALYSIS

Despite the Court informing McFarland in the original screening order that the Seventh Circuit has noted that not all legal mail is entitled to the same level of confidentiality, *see Guajardo-Palma v. Martinson*, 622 F.3d 801, 803-04 (7th Cir. 2010), McFarland appears to once again assert that his rights have been violated because jail officials have opened mail sent from the Court outside of his presence. McFarland continues to be mistaken on this point of law. A prisoner suffers no constitutional harm when public documents that "prison officials have as much right to read as the prisoner" or "routine and nonsensitive" nonpublic documents are opened outside the prisoner's presence. *Id.* at 804-06 (holding that "as long as the prison confines itself to opening letters that either are public or if private still are not of a nature that would give the reader insights into the prisoner's legal strategy, the practice is harmless and may be justified by the volume of such mail that a litigious prisoner can generate"). Despite being given the opportunity to include allegations about the nature of the mail that was allegedly opened outside of his presence, he failed to do so. The Court will not speculate on that point. McFarland therefore fails to state a claim

because he has not included sufficient factual matter to raise his right to relief above the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

McFarland also fails to state a claim based on his unsupported suggestion that mail from the Court was not delivered. On August 18, 2025, McFarland wrote a letter to the Court to clarify the allegations in his amended complaint. Dkt. No. 10. He explains that, initially, he was informed that his mail had been scanned and was available for viewing on his tablet. Although McFarland states that he did not have a tablet for an unspecified period of time, he concedes that he now has one. McFarland also states that he was informed he could view his mail at a video visit booth, although he suggests that there is high demand for those booths. In any event, it appears that McFarland now has access via a tablet to digital copies of all mail sent to him by the Court. Importantly, McFarland includes no allegations in his amended complaint or in his supporting letter to suggest that he suffered any harm from this short delay in accessing his mail. While he states that the delay made it harder for him to comply with deadlines, he does not allege that he missed any deadline, let alone that he suffered any consequence from missing a deadline. *See In re Maxy*, 675 F.3d 658 660-61 (7th Cir. 2012) ("[T]o satisfactorily state a claim for an infringement of the right of access, prisoners must also allege an actual injury."). Accordingly, McFarland fails to state a claim based on having to wait for a tablet to access digital copies of his mail.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin on August 21, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.